# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>          v.<br><br>ALL FUNDS HELD IN ESCROW<br>BY CLYDE & CO. IN THE<br>UNITED KINGDOM AS<br>DAMAGES OR RESTITUTION<br>IN PETROSAUDI v. PDVSA<br>UNCITRAL ARBITRATION,<br>          Defendant. | CV 20-8466 DSF (PLAx)<br><br>Order DENYING Ex Parte<br>Application for Issuance of<br>Warrant for Arrest In Rem (Dkt.<br>No. 9) |

The government has applied for the issuance of an arrest warrant, in rem, for the Defendant Assets in this case.  Such a warrant is to be issued on a showing of probable cause that the Assets are subject to forfeiture.

The government has failed to show probable cause.  The Assets are apparently funds related to an arbitration between PetroSaudi Oil Services (Venezuela) Ltd. and PDVSA Servicios S.A.  The arbitration seems to have involved $300 million borrowed from PDVSA by the PetroSaudi entity.  The Court uses the words "apparently" and "seems to" because it has been given virtually no information about the arbitration, including whom an award was in favor of, the amount of such an award, or even whether any money has been awarded to anyone. The link between the arbitration and the overall scheme described in the case is that PetroSaudi Oil Services (Venezuela) Ltd. is

the entity in which 1MDB actually has an interest,[1] rather than the joint venture with PetroSaudi to exploit assets in Turkmenistan and Argentina that 1MDB was supposed to have invested in. The Court understands the link between the Venezuelan PetroSaudi joint venture and some of the money from 1MDB, understands that the joint venture borrowed money from PDVSA, and understands that the arbitration somehow involves that borrowed money.  However, it remains unclear why the Defendant Assets in escrow that are related to the arbitration (in some way) should be forfeited.

The ex parte application is DENIED without prejudice.

IT IS SO ORDERED.


Date: September 21, 2020                    _____

                                            Dale S. Fischer
                                            United States District Judge

---

[1] The Court will assume, perhaps incorrectly, that the "PetroSaudi Oil Services (Venezuela) Ltd." that is a party to the arbitration is the same as the "PetroSaudi Oil Services Limited ("PSOSL")" discussed in the complaint at ¶¶ 132, et seq.  This assumption, however, is somewhat undercut by the use of "PetroSaudi" in the discussion of the particular Defendant Assets in this case rather than PSOSL and the definition of "PetroSaudi" as "refer[ring] collectively to the PetroSaudi entities listed in Paragraphs 19-21." See Compl. at 274 n. 18.