# EXHIBIT 1

Claim No. PT-2021-000257

23 Mar 2021

PT-2021-000257

**IN THE HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**PROPERTY, TRUSTS AND PROBATE LIST (Ch D)**

**MR JUSTICE MILES**

**23 March 2021**

**B E T W E E N:**

**PETROSAUDI OIL SERVICES (VENEZUELA) LIMITED**

**(a company incorporated in Barbados).**

**Claimant**

-and-

**CLYDE & CO LLP**

**Defendant**

---

### ORDER

---

**UPON** reading the first witness statement of Anthony D Kerman dated 22 March 2021 and the first witness statement of David E Langley dated 22 March 2021 and the other papers in the Court bundles

**AND UPON** reading and hearing submissions of leading Counsel for the Claimant and leading Counsel for the Defendant

**AND UPON THE UNDERTAKING** of Mr Anthony David Kerman, admitted and practising as a Solicitor of the Senior Courts of England and Wales and senior counsel of Armstrong Teasdale Ltd (i) only to pay sums referred to in paragraph 3(b) below to creditors of the Claimant claiming payable legal fees and expenses in this and foreign jurisdictions; and (ii) to hold all monies received from the Court Funds Office pursuant to paragraph 3(b) below not paid to the Claimant's creditors as aforesaid to the further Order or Orders of this Court

1

**AND WHEREAS** the expression "POS fund" appearing below means the total sum of monies presently held by the Defendant as escrow manager for the Claimant in London for the benefit of the Claimant, as referred to and found in the judgment of Sir Alastair Norris of this Court in the case judgment with the neutral citation number [2020] EWHC 2819 (Ch)

**AND FURTHER WHEREAS** in this Order, Pound sterling is referred to as "**GBP**" and United States dollar is referred to as "**USD**"

**IT IS HEREBY ORDERED** that:

## Payment into the Court Funds Office

1.      The Defendant shall forthwith instruct its London bank:

   a.      to convert the POS fund from USD to GBP at its London bank without overseas transfer of funds; and

   b.      once the POS fund has been so converted, immediately transfer the GBP POS fund to the Court Funds Office without any overseas clearing or overseas transfer, with permission to use electronic transfer.

2.      Paragraph 1 of this Order is without prejudice to the Defendant's rights:

   a.      pursuant to s.31 of the Trustee Act 2000, to an indemnity from the POS fund;

   b.      to an indemnity and to retain monies from the POS fund pursuant to clause 6.3 of the Escrow Agreement (as referred to and found in the judgment of Sir Alastair Norris of this Court with the neutral citation number [2020] EWHC 2819 (Ch)) for the purposes of satisfying such indemnity; and

   c.      under clause 4.1 and 4.2 of the Escrow Agreement in respect of costs and charges within the scope of the said clauses.

## Cessation of Trust and the Defendant's Escrow Management

3.      Upon the transfer of the GBP POS fund to the Court Funds Office referred to in paragraph 1 above, the Defendant will cease to be the trustee and escrow manager of the POS fund and save as set out below, the POS fund and any interest accrued on the

fund will be held by the Court Funds Office subject to the Orders below and further Orders of this Court with permission to the Claimant to apply.

**Payment of funds out of the Court Funds Office**

4.      The Court Funds Office will pay to Armstrong Teasdale Ltd the following sums on the following dates:

The Claimant's Ordinary Business Expenses

      a.      **The sum of GBP319,225.61** (being the equivalent of USD442,487.00 in respect of the Claimant's ordinary business expenses (previously permitted as a monthly payment for ordinary business expenses by Trower J on 11 August 2020)) **on 1 April 2021 and thereafter on the first banking day of every month until further Order of this Court**.

The Claimant's Legal Expenses

      b.      **The sum of GBP432,861.00** (being the equivalent of USD600,000.00) **on 1 April 2021 and thereafter on the first banking day of every month until further Order of this Court** (in respect of the Claimant's legal fees and expenses in this and foreign jurisdictions as permitted as the facility Ordered by Trower J on 11 August 2020), only to be paid to the creditors of the Claimant in respect of payable legal expenses and subject to the solicitor's undertaking referred to in the recital above provided by Mr Anthony David Kerman by his first witness statement in this action dated 22 March 2021.

**Permission to Apply**

5.      The Claimant has permission to apply for further Orders including to vary or amend the Orders requiring payment of funds into or out of the Court Funds Office referred to above.

**Costs of the Application**

6.      The Costs of this action are to be paid by the Claimant to the Defendant on the indemnity basis, to be assessed if not agreed.

7.     The foregoing is without prejudice to the Defendant's right,  pursuant to s.31 of the Trustee Act 2000, to an indemnity from the POS fund, and its right to an indemnity and to retain monies from the POS fund pursuant to clause 6.3 of the Escrow Agreement (as referred to and found in the judgment of Sir Alastair Norris of this Court with the neutral citation number [2020] EWHC 2819 (Ch)) for the purposes of satisfying such indemnity.

8.     If and insofar as any monies retained from the POS fund by the Defendant exceed its cost and liabilities incurred in consequence of having been escrow agent and trustee in respect of the POS fund, the Defendant shall pay the balance into the Court Funds Office for the benefit of the Claimant.

**Service of this Order**

9.     The Claimant shall serve a copy of this Order on all other parties to the proceedings.


The Court has provided a sealed copy of thie order to the solicitors to the serving party, by email to: Mr Anthony D Kerman, akerman@atllp.co.uk, Armstrong Teasdale Ltd, 200 Strand, London WC2R 1DJ.