DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
JONATHAN BAUM, Senior Trial Attorney
BARBARA LEVY, Trial Attorney
JOSHUA L. SOHN, Trial Attorney (CBN: 250105)
Criminal Division
United States Department of Justice
   1400 New York Avenue, N.W., 10th Floor
   Washington, D.C. 20530
   Telephone: (202) 514-1263
   Email:  joshua.sohn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ALL FUNDS CONSTITUTING ARBITRATION AWARD IN PETROSAUDI V. PDVSA UNCITRAL ARBITRATION,<br><br>       Defendant. | No. 2:20-cv-8466 DSF (PLAx)<br><br>GOVERNMENT'S OPPOSITION TO CLAIMANT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY |

The Government respectfully opposes Claimant's *ex parte* application for leave to file a sur-reply.  First, Claimant's proposed sur-reply provides information about recent developments in the UK proceedings - information that the Government offered to provide to the Court via a joint status report.  Sohn Decl., Ex. A. Having rebuffed the Government's offer, Claimant has no grounds for an *ex parte* application or sur-reply on this issue.

This is particularly true given that Claimant's sur-reply makes meritless attacks on the Government for requesting UK assistance, alternatively accusing the Government of seeking to create a conflict with the UK court and of "engineer[ing]" a UK decision to avoid such a conflict.  Dkt. 115-1 at 2:6-8, 3:1-4.  Yet Claimant itself previously argued that, to have effect in the UK, this Court's arrest warrant needed to be domesticated via an UK National Crime Agency (NCA) application.  Dkt. 33-8 at ¶¶ 9-16.  The Government has asked the NCA to do exactly that.  There is no merit to Claimant's insinuation that the Government is acting improperly by taking the very steps that Claimant itself previously endorsed.

Claimant's proposed sur-reply also addresses the arbitral appellate proceedings.  Even as Claimant argued that it was entitled to more than $1 million per month to help litigate those proceedings, Claimant's Opposition provided no evidence about the status of those proceedings.  To the extent Claimant wanted to provide evidence about the status of those proceedings, it could have and should have been provided in Claimant's Opposition.  Claimant's reconsidered decision not to make such a submission is not a proper basis for a sur-reply.

Claimant's proposed sur-reply also addresses the Malaysian proceedings.  Again, Claimant's Opposition provided argument but no

detail about those proceedings.  The Government's Reply responded, explaining that the Malaysian proceedings are still at the Prohibition Order stage and no merits case to decide ownership of the *res* has commenced.  Dkt. 114-2.  Claimant now attempts to offer its own declaration about the Malaysian proceedings after choosing not to do so when it had the chance.  The fact that the Government's Reply addressed Claimant's failure to describe the posture of the Malaysian proceedings is not grounds for a sur-reply.  Nor does Claimant's proposed sur-reply contradict the Government's evidence that the Malaysian proceedings are preliminary or that the Malaysian court is scheduled to hear the Malaysian government's application for a Prohibition Order on December 6 and 9, 2021.

It was Claimant who made the Opposition argument that the Government's 983(j) motion should be denied because granting it would supposedly prejudice the foreign proceedings.  Dkt. 112 at 1-2, 21, 24-25.  Having made this Opposition argument, it was Claimant's duty to provide Opposition evidence to support it.  Claimant cannot belatedly provide such evidence through a sur-reply.  Should the Court seek further information regarding the status of the foreign proceedings, such information could be provided through a joint status report, as the Government already offered regarding the UK proceedings.  However, Claimant's request for a sur-reply to reiterate or recast its argument is inappropriate.

Dated: December 6, 2021          Respectfully submitted,

                                 DEBORAH CONNOR
                                 Chief, MLARS

                                 /s/*Joshua L. Sohn*

```
                              JONATHAN BAUM
                              Senior Trial Attorney, MLARS
                              BARBARA LEVY
                              JOSHUA L. SOHN
                              Trial Attorneys, MLARS

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA
```

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a copy of this document via CM/ECF, which will cause a copy to be served on all counsel of record.

```
                              /s/ Joshua L. Sohn
                              Joshua L. Sohn
                              Attorney for Plaintiff
                              United States of America
```