# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>               v.<br><br>ALL FUNDS CONSTITUTING ARBITRATION AWARD IN PETROSAUDI v. PDVSA UNCITRAL ARBITRATION,<br>    Defendant. | CV 20-8466 DSF (PLAx)<br><br>Order GRANTING Motion for Protective Order Under 18 U.S.C. § 983(j) (Dkt. 111) |

   Plaintiff United States of America has moved for a protective order under 18 U.S.C. § 983(j) that would require Claimant PetroSaudi Oil Services (Venezuela) Ltd. to deposit with this Court any of the Defendant *res* that is released by the High Court of England and Wales (UK Court). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for December 13, 2021 is removed from the Court's calendar.[1]

   The UK Court currently has actual possession and control of the *res* in this case. That court has ordered certain maintenance distributions to be made to Claimant from the *res*, and the government now moves to

---

[1] Claimant's request to file a surreply is DENIED because the points made in the surreply could have been, and should have been, raised in the opposition to the motion.

require Claimant to deposit those monies with this Court in order to prevent the dissipation of the *res*.

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture[.]

18 U.S.C. § 983(j)(1).

Claimant raises several objections to the government's motion, none of which has merit.

First, the government's requested relief is not barred by Claimant's filing of a notice of appeal challenging the Court's issuance of an arrest warrant. There is an exception to the divestment of the district court's jurisdiction after an appeal is taken when the district court is acting to preserve the status quo. Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). Preservation of the defendant *res* in an *in rem* action is a paradigmatic example of upholding the status quo during the pendency of an appeal.

Claimant's argument that the Court cannot issue the requested relief because the Court does not have personal jurisdiction over Claimant also has no merit. The Court has jurisdiction over the *res* and can issue orders to preserve it. Jurisdiction *in rem* is intended to adjudicate claims to the defendant property, not to adjudicate personal claims between and against individuals. It is jurisdiction over the property that is important, not personal jurisdiction over any individuals that might claim rights to the property. See United States v. Obaid, 971 F.3d 1095, 1102 (9th Cir. 2020).

Nor does the typical four-part test governing injunctions apply to a protective order in a civil forfeiture case after a complaint is filed. Section 983(j)(1)(B) specifies a variant of the familiar four-part

injunction test for protective orders sought *prior* to the filing of a forfeiture complaint, but this language is conspicuously absent from § 983(j)(1)(A), which governs post-complaint protective orders. Whether or not Claimant believes this distinction is "sensible," the structure of the statute clearly applies the four-part test only to pre-complaint protective orders.

The government has established a serious, immediate risk of dissipation of the *res*, and the Court finds that a protective order is necessary to preserve it during the pendency of this action. Claimant does not really deny that it intends to spend the portions of the *res* distributed by the UK Court – in fact that seems to be the entire point of the release of the funds in the first place. To the degree that the entire *res* should be preserved, a protective order is appropriate.

The government's motion for a protective order is GRANTED. Claimant PetroSaudi Oil Services (Venezuela) Ltd. and any agents of Claimant are ordered to deposit any of the Defendant funds that might be released to them after the entry of this order, or that they otherwise come into possession after the entry of this order, with this Court.[2]

IT IS SO ORDERED.

Date: December 9, 2021

Dale S. Fischer
United States District Judge

---

[2] The Court finds that it would not be appropriate to order Claimant or its agents to return funds already released given that such releases did not violate this Court's orders at the time of release and the fact that Claimant and its agents have almost certainly developed a reliance interest in having possession of the previously released funds.