JAMES CURT BOHLING, Acting Chief
Money Laundering and Asset Recovery Section (MLARS)
JONATHAN BAUM, Senior Trial Attorney
BARBARA LEVY, Trial Attorney
JOSHUA L. SOHN, Trial Attorney (CBN: 250105)
Criminal Division
United States Department of Justice
   1400 New York Avenue, N.W., 10th Floor
   Washington, D.C. 20530
   Telephone: (202) 514-1263
   Email:  joshua.sohn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>ALL FUNDS CONSTITUTING ARBITRATION AWARD IN PETROSAUDI V. PDVSA UNCITRAL ARBITRATION,<br><br>      Defendant. | No. 2:20-cv-8466 DSF (PLAx)<br><br>JOINT MOTION TO MODIFY DECEMBER 9, 2021 PROTECTIVE ORDER<br><br>Ctrm: 7D<br>Before the Honorable District Judge Dale S. Fischer |

Plaintiff United States of America and Claimant PetroSaudi Oil Services (Venezuela) Ltd. ("POSVL" or "Claimant") jointly move this Court for an Order modifying the December 9, 2021 Protective Order issued in this matter (Dkt. 119) to permit Armstrong Teasdale Ltd. ("ATL") to return £3,019,558.98 to the UK Court Funds Office. A proposed Order is attached.

### I. Factual and Procedural Background

As this Court is well-aware, the arbitration award that constitutes the *res* in this matter is currently being held in the Court Funds Office of the High Court of England and Wales pursuant to a March 23, 2021 High Court decision in a private action between POSVL and Clyde and Co., the prior escrow agent for the funds. On December 9, 2021, this Court entered a Protective Order requiring POSVL or any of its agents "to deposit any of the Defendant funds that might be released to them after the entry of this order, or that they otherwise come into possession after the entry of this order, with this Court." (Dkt. 119 at 3).

The Government also engaged the UK National Crime Agency to seek a UK Prohibition Order over the Defendant funds. The NCA filed for a Prohibition Order on December 15, 2021. On April 13, 2022, the UK court (Griffiths, J.) granted the Prohibition Order and held that it was doing so to preserve the funds for forfeiture in this U.S. case. (UK Prohibition Order Opinion at ¶¶ 68-70, 93-95).

As relevant here, the UK Prohibition Order Opinion also disclosed that the Court Funds Office continued to remit roughly $1 million per month from the Defendant funds to ATL's escrow account even after this Court's Protective Order went into effect on December 9, 2021. Through subsequent conversations, it appears that from

1

January to April 2022, the Court Funds Office distributed a total of £3,019,558.98 in this way. ATL has not disbursed any of these funds and has represented to DOJ that it will not do so unless and until the issue of the proper disbursement of them has been resolved. Neither POSVL nor ATL has received any funds from the Court Funds Office since May 1, 2022.

The United States contacted POSVL and ATL on August 17, 2022 and requested that ATL remit the funds to this Court as required under the December 9, 2021 Protective Order. POSVL responded by stating that it had previously instructed ATL to deposit the £3,019,558.98 with this Court, but that ATL refused, asserting that depositing the funds with this Court was in conflict with the March 23, 2021 High Court order that ATL was bound to follow.

Although the Parties are not in agreement as to requirements of the March 23, 2021 High Court order,[1] in order to resolve the disposition of the £3,019,558.98, the Parties request that the Court modify its December 9, 2021 Protective Order to allow ATL to return the £3,019,558.98 in funds received in escrow from the Court Funds Office between January and April 2022 back to the Court Funds Office. No other modification of the Protective Order is necessary or requested at this time.

---

[1] Nothing in this motion should be read as a concession by *any* party that: Claimant or ATL acted appropriately (or did not act appropriately) with respect to the funds received from the Court Funds Office between January and April 2022; that there was (or was not) any violation of this Court's order; or that ATL is (or is not) Claimant's agent with respect to ATL's receipt and/or disbursement of funds ATL received from the Court Funds Office.

2

## II. Conclusion

For the foregoing reasons, the United States and Claimant PetroSaudi Oil Services (Venezuela) Ltd. jointly request that the Court enter an Order modifying the December 9, 2021 Protective Order (Dkt. 119) to permit ATL to return £3,019,558.98 to the UK Court Funds Office. A proposed Order is attached.

Dated: September 28, 2022

Respectfully submitted,

JAMES CURT BOHLING
Acting Chief, MLARS

/s/*Joshua L. Sohn*
JONATHAN BAUM
Senior Trial Attorney, MLARS
BARBARA LEVY
JOSHUA L. SOHN
Trial Attorneys, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

BAKER & HOSTETLER LLP

/s/ *David B. Rivkin, Jr.*
Dyanne J. Cho
David B. Rivkin, Jr.

Attorneys for Claimant PetroSaudi
Oil Services (Venezuela) Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed a copy of this document (and all attachments) via CM/ECF, which will cause a copy to be served on all counsel of record.

>  */s/ Joshua L. Sohn*
>  Joshua L. Sohn
>  Attorney for Plaintiff
>  United States of America

4