# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>            v.<br><br>ALL FUNDS CONSTITUTING ARBITRATION AWARD IN PETROSAUDI V. PDVSA UNCITRAL ARBITRATION,<br>    Defendant. | 2:20-cv-08466-DSF-PLAx<br><br>Order DENYING Motion to Stay Proceedings (Dkt. 181) |

     The government has moved to stay this civil forfeiture action pursuant to 18 U.S.C. § 981(g), arguing that civil discovery in this matter "would jeopardize a related pending criminal investigation which is being concluded."  Notice of Motion.

     "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.  18 U.S.C. § 981(g)(1).  "'[R]elated criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring

an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4).

The Court has reviewed the parties' briefs as well as the *in camera* declaration filed by the government. For the purposes of this motion, the Court will assume that the government has sufficiently demonstrated that there is an actual prosecution or investigation that could be adversely affected by some aspect of discovery in this case. However, it appears that most issues in this case are effectively unrelated to any claimed "case" or "investigation" as defined in § 981(g)(4). That is, while this case and the other case(s)/investigation(s) may share one or more components, they also significantly diverge. Because of this, the Court finds that the more appropriate route is to use a protective order or orders to limit discovery into shared issues while allowing discovery to move forward on largely unrelated, non-overlapping ones. See 18 U.S.C. § 981(g)(3).

The motion for a stay is DENIED. The government is to file a motion for a protective order with the Magistrate Judge no later than April 14, 2025. If the Magistrate Judge finds that no reasonable protective order can be entered that both (1) protects the government's interest in pursuing its cases/investigations and (2) allows the parties to engage in meaningful discovery in a fair manner, she is to file a Report and Recommendation recommending that the Court revisit this order and stay the case.

IT IS SO ORDERED.

Date: March 31, 2025

_____
Dale S. Fischer
United States District Judge